U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 12 2015

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| ex rel. DARILYN JOHNSON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-757-A |
| | § | |
| KANER MEDICAL GROUP, P.A., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has concluded to grant summary judgment for defendants, Kaner Medical Group, P.A. and David Kaner, as to the causes of action alleged in the three counts of the second amended complaint brought against them by qui tam relator, Darilyn Johnson, individually and on behalf of United States of America, ("plaintiff") based on the False Claims Act, 31 U.S.C. §§ 3729, et seq. ("FCA"), and to dismiss all claims and causes of action asserted by plaintiff against defendants.

I.

Supplementing History and Nature of the Litigation
Set Forth in the Memorandum Opinion and Order
Signed December 19, 2014

On December 19, 2014, the court issued a memorandum opinion and order (hereinafter "Dec. 19 Order"), denying most parts of a motion of plaintiff for partial summary judgment, in which the

court, _inter alia_, provided a history and nature of the litigation from its commencement in October 2012 through the issuance of that order and a summary description of the respective summary judgment positions of the parties.  United States ex rel. Johnson v. Kaner Med. Grp., P.A., No. 4:12-CV-757-A, 2014 WL 7239537 (N.D. Tex. Dec. 19, 2014)[1]; Doc. 108.[2]  The court here adopts by reference the "History and Nature of the Litigation" and "Grounds of Plaintiff's Motion, Defendant's Response, and Plaintiff's Reply" sections of the Dec. 19 Order. 2014 WL 7239537 at *1-5; Doc. 108 at 2-12.

In the Dec. 19 Order the court denied the request of defendants for the court to _sua sponte_ grant summary judgment in their favor based on the then-existing summary judgment record, 2014 WL 7239537 at *9; Doc. 108 at 24, but, in the interest of judicial economy, the court expressed the conclusion "that the court should _sua sponte_ consider that defendants filed a motion for summary judgment, and, after all parties have had an opportunity to make appropriate supplementation of the summary judgment record, make a ruling on such a _sua sponte_ motion," 2014

---

[1]From this point forward the citations to the December 19, 2014 memorandum opinion and order will be both by Westlaw number and docket entry number, without the style of the case being repeated.

[2]The "Doc. ___" references are to the entries on the clerk's docket in this Case No. 4:12-CV-757-A.

WL 7239537 at *9; Doc. 108 at 25.   The grounds of the sua sponte

motion were specified as follows:

(1)  Plaintiff is unable to adduce probative evidence in support of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count I of her second amended complaint.

(2)  Even if plaintiff were to adduce summary judgment evidence in support of all of the facts she alleged as basis for her Count I claim, as a matter of law such facts would not constitute a cause of action under the FCA.

(3)  A reasonable finder of fact would not find on the basis of the summary judgment record existence of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count I of her second amended complaint.

(4)  Plaintiff is unable to adduce probative evidence in support of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count II of her second amended complaint.

(5)  Even if plaintiff were to adduce summary judgment evidence in support of all of the facts she alleged as basis for her Count II claim, as a matter of law such facts would not constitute a cause of action under the FCA.

(6)  A reasonable finder of fact would not find on the basis of the summary judgment record existence of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count II of her second amended complaint.

(7)  Plaintiff is unable to adduce probative evidence in support of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count III of her second amended complaint.

(8)  Even if plaintiff were to adduce summary judgment evidence in support of all of the facts she alleged as basis for her Count III claim, as a matter of law such facts would not constitute a cause of action under the FCA.

(9)  A reasonable finder of fact would not find on the basis of the summary judgment record existence of all facts plaintiff is required to prove to prevail on the theory of recovery she alleged in Count III of her second amended complaint.

2014 WL 7239537 at *10; Doc. 108 at 25-27.

The court afforded each party an opportunity to file by January 12, 2015, "(a) whatever supplementation the party wishes to make to the summary judgment record by way of evidence and (b) any supplemental argument or citation of authority the party wishes the court to consider." 2014 WL 7239537 at *10; Doc. 108 at 27.  On January 12, 2015, plaintiff filed her supplemental arguments and authorities and a supplemental appendix 7,076 pages in length, Docs. 116 & 117, and defendants filed their supplemental arguments and authorities supported by an appendix fifty pages in length, Docs. 114 & 115. On January 13, 2015, the court ordered each side to respond to the other's January 12 supplemental filings.  Doc. 118.  Each side responded by a document filed February 3, 2015, accompanied, in each instance, by a supplemental appendix, plaintiff's seventeen pages in length and defendants' ninety pages in length.  Docs. 142-145.

Each side has had a opportunity to fully respond to the grounds of the sua sponte motion and to the opposing side's arguments and authorities in support of or in opposition to, as the case may be, each of those grounds.

4

II.

Analysis

A.   Pertinent Summary Judgment Principles

1.   Propriety of *Sua Sponte* Motion

The creation by a district court of a sua sponte motion for summary judgment is a well-accepted practice.   In Celotex Corp. v. Catrett, the Supreme Court noted that "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."   477 U.S. 317, 326 (1986).   Recent applications by the Fifth Circuit of the principle that district courts have the power to enter summary judgment sua sponte can be found in Atkins v. Salazar, 677 F.3d 667, 678 & n.15 (5th Cir. 2011),[3] and O'Hara v. General Motors Corp., 508 F.3d 753, 763-64 (5th Cir. 2007).

2.   Summary Judgment Burdens

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the

---

[3]In Atkins the Fifth Circuit noted that effective December 1, 2010, Federal Rule of Civil Procedure 56(f) was amended to provide that a district court may grant a motion for summary judgment on grounds not raised by a party if the court has given the parties notice and reasonable time to respond. 677 F.3d at 678 n.15.

5

movant[4] is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247
(1986).  The movant bears the initial burden of pointing out that
there is no genuine dispute as to any material fact.  <u>Celotex</u>
<u>Corp.</u>, 477 U.S. at 323, 325.  The movant can discharge this
burden by pointing out the absence of evidence supporting one or
more essential elements of the nonmoving party's claim, "since a
complete failure of proof concerning an essential element of the
nonmoving party's case necessarily renders all other facts
immaterial."  <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case.  <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . .").

If the evidence identified could not lead a rational trier
of fact to find in favor of the nonmoving party as to each
essential element of the nonmoving party's case, there is no
genuine dispute for trial and summary judgment is appropriate.
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

---

[4]The court is treating defendants as "movants" in evaluating the merits of the <u>sua</u> <u>sponte</u> motion.

587, 597 (1986).   In <u>Mississippi Prot. & Advocacy Sys. v. Cotten</u>,

the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).   The standard for granting a

motion for summary judgment is the same as the standard for

rendering judgment as a matter of law.[5]   <u>Celotex Corp.</u>, 477 U.S.

at 323.

B.    <u>Summary Judgment is Being Granted as to Count I (the
      § 3730(b) Claim via § 3729(a)(1)(A))</u>

      1.   <u>Supplementing December 19, 2014 Discussion of Proof
           Requirements</u>

      The pertinent § 3729(a)(1)(A) proof requirements were

discussed at pages 13-17 of the Dec. 19 Order.   2014 WL 7239537

at *5-7; Doc. 108 at 13-17.   That discussion is adopted here by

reference.

      Plaintiff in her January 12, 2015 opposition to the <u>sua</u>

<u>sponte</u> motion for summary judgment leveled an attack on virtually

all of the Fifth Circuit decisions to which the court referred on

pages 13-17 of the Dec. 19 Order by a contention that the

decisions no longer are valid law because of having been

---

[5]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

overturned by the amendments to the FCA by the Fraud Enforcement

and Recovery Act of 2009 ("FERA").  Doc. 116 at 2-4, 7-8.

Plaintiff placed special emphasis on her contention that "the

FERA Amendments added the terms 'knowing' and 'knowingly' in the

FCA to 'require no proof of specific intent to defraud'"; and she

suggested as proof of that change a comparison of 31 U.S.C.

§ 3729 (July 5, 1994) with 31 U.S.C. § 3729 (May 20, 2009).  Doc.

116 at 7-8.  She asserted that "[t]he FERA amendments, passed in

May 2009, specifically added the language in § 3729(b)(1)(B),

requiring 'no proof of specific intent to defraud,'" again citing

as proof of such a change a comparison of 31 U.S.C. § 3729 (July

5, 1994) with 31 U.S.C. § 3729 (May 20, 2009).  Doc. 116 at 8.

        Plaintiff has not correctly described the pre-FERA version

of the FCA or the effect of the FERA.  The version of the part of

§ 3729 to which plaintiff refers as it existed before the FERA

amendments was the then § 3729(b), which was worded and

structured as follows:

> (b)   KNOWING AND KNOWINGLY DEFINED.--For purposes
> of this section, the terms "knowing" and "knowingly"
> mean that a person, with respect to information--
>         (1)   has actual knowledge of the
> information;
>         (2)   acts in deliberate ignorance of the
> truth or falsity of the information; or
>         (3)   acts in reckless disregard of the truth
> or falsity of the information,
> and <u>no proof of specific intent to defraud is required</u>.

31 U.S.C.A. § 3729(b)(West 2003)(emphasis added).  The current

version incorporating the FERA amendments, which was codified as

§ 3729(b)(1), is worded and structured as follows:

> (b)   DEFINITIONS.--For purposes of this section--
>     (1)   the terms "knowing" and "knowingly"--
>         (A)   mean that a person, with respect to
>     information--
>             (i)   has actual knowledge of
>         the information;
>             (ii) acts in deliberate ignorance
>         of the truth or falsity of the
>         information; or
>             (iii) acts in reckless disregard of
>         the truth or falsity of the information;
>         and
>         (B)   <u>require no proof of specific
>     intent to defraud</u>[.]

31 U.S.C.A. § 3729(b)(1)(West 2003 & Supp. 2014)(emphasis added).

The only change made by the FERA in this part of the FCA was

in the structure of the wording, which remained essentially the

same, including in both versions language conveying that no proof

of specific intent to defraud is required.  Thus, the amendments

to the FCA made by the FERA did not overturn any of the Fifth

Circuit case law discussed by the court on pages 13-17 of the

Dec. 19 Order.[6]

Plaintiff also attacked some of the Fifth Circuit decisions

upon which the court relied in denying plaintiff's motion for

partial summary judgment by pointing out that they can be

---

[6]Legislative history related to FERA does not indicate that the Congressional intent was as plaintiff suggests.  <u>See</u> S. Rep. No. 111.10 at 10-15 (2009) <u>reprinted in</u> 2009 U.S.C.C.A.N. at 437-42.

distinguished factually.  Doc. 166 at 2-3.  The court recognizes that some of the decisions are not factually aligned with the instant action, but those factual distinctions do not dilute the significance of important principles governing the Fifth Circuit's interpretation and application of the FCA as expressed in the cited cases.  Those principles led to the court's conclusion that plaintiff's motion for partial summary judgment was without merit, and they continue to apply here.

>    2.    Plaintiff Has Failed to Carry Her Summary Judgment
>           Burden as to Her Count I Claim Based on § 3729(a)(1)(A)

Plaintiff summed up her Count I 31 U.S.C. § 3729(a)(1)(A) claim as follows:

> Defendants knowingly present or cause to be presented to the United States of America, false or fraudulent claims, and knowingly fail to disclose material facts, in order to obtain payment or approval under the federally-funded Medicare program, TRICARE programs, and part Medicare programs when they bill for allergy services performed by medical assistants under the referring provider's NPI even when the referring provider is not the provider supervising the services.

Doc. 92 at 11-12, ¶ 75.  In her opposition to the sua sponte motion for summary judgment, plaintiff said that her "claim in Count I is based on KMG's failure to properly denote which provider is rendering the service provided by a medical assistant, incident to a provider's service."  Doc. 116 at 12.

The court is no more persuaded now than it was when the court ruled on plaintiff's motion for partial summary judgment that plaintiff has adduced summary judgment evidence in support of all of the elements she would be required to prove for her to be successful in her claim based on § 3729(a)(1)(A). Plaintiff has added significant volume to the summary judgment record since the court's ruling on her motion for partial summary judgment, but she still has not adduced summary judgment evidence that would allow a reasonable jury to find in favor of plaintiff as to the factors that must exist for defendant to be held liable under § 3729(a)(1)(A).[7]

As the court did in preparing the Dec. 19 Order, the court assumes that there is summary judgment evidence that some of the

---

[7]The volume of discovery that has been conducted in this action, and the attempts by plaintiff to build her case exclusively on that discovery, are disturbing. The court does not believe that the intent of the FCA was to allow a relator to file a fictitious complaint to the end of opening the door to discovery, hoping that the discovery might uncover facts that could be used in asserting an FCA claim. In this action, if now-abandoned claims had not been asserted in plaintiff's original complaint, her action might well have been subject to summary dismissal at that time for failure to state a claim and for noncompliance with Rule 9(b) of the Federal Rules of Civil Procedure. When opposing defendants' motion to dismiss in September 2013, plaintiff alleged as the main reasons why the motion should be denied the now-abandoned claims she made in her original complaint that defendants were billing the government for unnecessary medical treatment rendered to defendants' patients and that defendants had FCA liability because of use of an unlicensed physician, Gambini, to perform medical procedures, including those plaintiff alleged were unnecessary. Doc. 19 at 1-2, 7-11. Some of the rather bizarre developments in this case are summarized in a note on page 18 of the Dec. 19 Order. 2014 WL 7239537 at *7 n.10; Doc. 108 at 18 n.10. By pleading what appear to have been false claims in her original complaint, plaintiff probably avoided dismissal and was thus able to engage in extensive discovery directed against defendants seemingly for the purpose of seeking to create out of whole cloth the appearance of the basis for an FCA claim. That conduct of plaintiff ultimately provided her the resources with which to inundate the court with her 7,076-page appendix and other documents, apparently with the belief on plaintiff's part that quantity rather than quality of summary judgment evidence would carry the day for her.

claim forms prepared by defendants and submitted to the government for payment had incorrect provider information. The summary judgment record now indicates that such a possibility exists as to a large number of the forms. The large volume of summary judgment evidence adduced by plaintiff does not change the fact that there is no summary judgment evidence that would support a finding that defendants submitted any of the forms for payment with "guilty knowledge of a purpose on the part of [defendants] to cheat the government." United States ex rel. Taylor-Vick v. Smith, 513 F.3d 228, 231 (5th Cir. 2008)(internal quotation marks omitted). At best from plaintiff's standpoint, the summary judgment record provides evidence that defendants perhaps were negligent in their indications on some of the forms of healthcare provider information. However, the "mens rea requirement is not met by mere negligence or even gross negligence." United States ex rel. Farmer v. City of Houston, 523 F.3d 333, 338 (5th Cir. 2008). If medical assistants provided the healthcare services shown on the forms with proper supervision, the fact that the forms inaccurately showed the identity of the supervisor proves no more than that defendants perhaps did not have good internal record-keeping practices.

The summary judgment evidence does not indicate that the performing medical assistants lacked the requisite physician

supervision.  Put another way, there is no evidence in the summary judgment record that the services for which defendants sought payment were rendered under circumstances that would cause defendants not to be entitled to the payments they sought when they submitted the forms for payment.  As the Fifth Circuit explained in <u>United States ex rel. Willard v. Humana Health Plan of Tex.</u>, 336 F.3d 375, 381 (5th Cir. 2003), the FCA does not create liability for "improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe."  And, as the Fifth Circuit further explained in its unpublished <u>United States ex. rel. Patton v. Shaw Servs. L.L.C.</u> opinion, "[f]or FCA liability to attach, not only must the defendant submit false claims, but the defendant must have knowingly or recklessly cheated the government."  418 F. App'x 366, 371, No. 10-30376, 2011 WL 924292 (5th Cir. Mar. 17, 2011)(internal quotation marks omitted).[8]  No reasonable jury could find from the summary judgment evidence that defendants knowingly or recklessly cheated the government.

Summed up, the summary judgment evidence would not support a finding that defendants knowingly asked the government to pay amounts it did not owe or that defendants received more than what

---

[8]Even though the unpublished <u>Patton</u> opinion is not considered to be precedent, the court finds that the language used by the Fifth Circuit in the opinion is instructive.

they should have received for the medical services they rendered. Therefore, the court has concluded that summary judgment should be granted defendants as to plaintiff's Count I claim.

C.   Summary Judgment is Being Granted as to Count II (the § 3730(b) Claim via § 3729(a)(1)(G))

The alleged factual basis for plaintiff's Count II FCA theory of recovery is described in the Dec. 19 Order.   2014 WL 7239537 at *2; Doc. 108 at 6.   That description is adopted here by reference.   Plaintiff summed up her Count II false claim theory as follows:

> Defendants knowingly conceal or knowingly and improperly avoid an obligation to pay money to the United States of America when they collect money from patients who have Medicare as their primary insurance provider and Medicaid as their secondary insurance provider and still collect the full amount of reimbursement from Medicare and Medicaid for that patient's services.

2014 WL 7239537 at *3; Doc. 108 at 7-8.

Section 3729(a)(1)(G) imposes liability on a person who:

> (G)   knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

Plaintiff did not include in her motion for partial summary judgment a request for any ruling related to her Count II claim, with the consequence that, other than the description of the claim, there was no discussion of that claim in the Dec. 19 Order

14

except the notation that the court assumed that plaintiff had
abandoned that claim as she had other theories of recovery that
were in her original and first amended complaints.[9]  2014 WL
7239537 at *7 n.10; Doc. 108 at 18 n.10.

Only reluctantly did plaintiff provide in her opposition to
the sua sponte motion a response to the grounds for summary
judgment directed to Count II, prefacing her discussion with the
following comments:

> The Court has moved sua sponte against Johnson on
> Count II.  Neither Johnson nor Defendants moved for
> summary judgment on Count II and at the time of the
> Court's motion, there was no evidence in the record on
> this Count at all.  Dkt. No. 94.  The Court does not
> brief the issue in its Memorandum Opinion and points to
> no evidence in the record or otherwise that supports
> its contention that Johnson cannot prevail on Count II
> as a matter of law.  Dkt. No. 108 at 24-25.  Therefore,
> Plaintiff contends that it is reversible error for the
> Court to move against Johnson, contending that
> Plaintiff cannot adduce evidence to support Count II,
> even though the Court itself offers no law on this
> point and cannot point to anything in the record that
> would lead to that conclusion.  Dkt. No. 108.

Doc. 116 at 18.

The court disagrees with plaintiff's criticism of the
court's decision to create sua sponte grounds for summary
judgment as to plaintiff's Count II.  Even though when the
Dec. 19 Order was prepared the appearance was that plaintiff had

---

[9]Interestingly, plaintiff failed to include in her original complaint or in her first amended
complaint a Count for recovery based on the theory she alleged in Count II of her second amended
complaint.  Doc. 1 at 9-11, ¶¶ 82-92; Doc. 38 at 9-10, ¶¶ 89-99.

abandoned Count II, the court recognized that unless there was a summary disposition of that claim, it would remain in the case to be resolved through some other means.  As to plaintiff's other criticisms of the court, the court notes that it had no occasion to "brief the issue" in the Dec. 19 Order inasmuch as plaintiff chose not to seek summary judgment as to Count II.  Even if plaintiff had sought summary judgment as to that count, there was no evidence to which the court could point as bearing on the validity of the Count II claim because there was none.  And, as to offering "law on this point," the court notes that the wording of § 3729(a)(1)(G) provides on its face the legal basis for a conclusion that plaintiff's Count II false claim theory is without merit.

There is no suggestion in the summary judgment evidence that either defendant knowingly made, used, or caused to be made or used, a false record or statement material to any obligation either defendant had to pay or transmit money or property to the Government, or that either defendant knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government.  See 31 U.S.C. § 3729(a)(1)(G).  Even if there had been improperly collected co-pays from one or more of defendants' patients, the summary judgment evidence would not support a finding that

16

conduct of that kind was done for the purpose of cheating the Government or failing to make payment to the Government of amounts known by defendants to be owed to the Government.  The court adds that the record is devoid of summary judgment evidence from which a rational jury could find that defendants' patients were improperly charged illegal or unnecessary co-pays or that either defendant improperly failed to refund to any patient any co-pay made by the patient, through inadvertence or otherwise.

Plaintiff cites two court decisions in her argument in opposition to the sua sponte motion as to Count II.  Doc. 116 at 19-20.  Neither supports plaintiff's position.

The first, a decision by a district judge in the Southern District of Texas, involved a contention by the relator/plaintiff that the defendants violated the FCA "by submitting claims for payment for improperly conducted calibration tests and equipment adjustments under contracts with federal government agencies" and that the defendants "falsely certified that the equipment was calibrated in conformance to applicable specifications and standards." United States ex rel. Ligai v. ETS-Lindgren Inc., No. H-112973, 2014 WL 4649885 at *1 (S.D. Tex. Sept. 16, 2014). The court granted the defendants' motion to dismiss all the FCA claims, including the § 3729(a)(1)(G) claim.  In the course of

17

the Ligai opinion, the court listed the elements of a

§ 3729(a)(1)(G) claim as follows:

> "Reverse false claim liability" for failing to disclose
> and return an overpayment from the government requires
> proof of the following elements:  (1) a false record is
> created; (2) the provider knows the record is false;
> (3) the false record or statement is made, used, or
> caused to be made or used; (4) to conceal, decrease, or
> avoid an obligation to pay the government; and (5) the
> misrepresentation is material.

Id. at *12.  There is no summary judgment evidence in this case

raising an issue as to any of those essential elements.

The other case cited by plaintiff in her § 3729(a)(1)(G)

argument, United States ex rel. Matheny v. Medco Health

Solutions, 671 F.3d 1217 (11th Cir. 2012), is the case the

Southern District cited in Ligai in support of the enumeration of

the elements of a § 3729(a)(1)(G) claim.  See Ligai, 2014 WL

4649885 at *12.  In Matheny, the defendants received overpayments

from the government pursuant to a contract between the defendants

and the government.  The parent company of the defendants had

entered into an agreement with the government that required the

defendants to return to the government any payments received from

the government that lacked sufficient documentation and any

payments that were received in duplicate or in error.  Defendants

received overpayments of approximately $69 million that, pursuant

to the agreement with the government, should have been returned

by the defendants to the government.  Defendants developed a

18

scheme by which the overpayments were transferred to unrelated patient accounts, fictitious payment accounts, or eliminated from the records through a computer program.  In other words, the defendants were alleged to have done precisely what § 3729(a)(1)(G) prohibited them from doing.  The Eleventh Circuit reversed the district court's dismissal for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure, and remanded to the district court.  There is no evidence in the summary judgment record here that suggests that facts exist in this case that are similar to the Matheny facts or that would satisfy any of the elements of proof that the Matheny court held must exist for there to be a § 3729(a)(1)(G) claim.  Matheny, 671 F.3d at 1224 (stating that the elements of a reverse false claim liability cause of action are that "(1) a false record or statement; (2) the defendant's knowledge of the falsity; (3) that the defendant made, used, or caused to be made or used a false statement or record; (4) for the purpose to conceal, avoid, or decrease an obligation to pay money to the government; and (5) the materiality of the misrepresentation").

In defendants' January 12, 2015 supplemental brief, they made persuasive arguments and appropriate record references in support of their contention that the sua sponte motion should be granted as to plaintiff's Count II claim.  Doc. 114 at 8-15.  In

a document plaintiff filed in purported compliance with the
court's January 13, 2015 order that each side respond to the
other's January 12 supplemental filings, Doc. 118, plaintiff
chose not to make any statement, argument, or citation of
authority in support of her Count II claim, totally ignoring the
arguments and authorities advanced by defendants in their January
12 supplemental filing, Doc. 142.

The court has concluded that summary judgment should be
granted defendants as to plaintiff's Count II claim.

D.   Summary Judgment is Being Granted as to Count III (the
     § 3730(h)(1) Retaliation Claim)

Plaintiff's Count III claim is predicated on 31 U.S.C.
§ 3730(h)(1), which reads in pertinent part as follows:

> Any employee, contractor . . . shall be entitled to all
> relief necessary to make that employee, contractor . .
> . whole, if that employee, contractor . . . is
> discharged . . . because of lawful acts done by the
> employee, contractor . . . in furtherance of an action
> under this section or other efforts to stop 1 or more
> violations of this subchapter.

Discussions of the decisions of the Fifth Circuit pertinent
to the Count III claim, the alleged factual bases for the claim,
and the failure of plaintiff to adduce evidence to support such a
claim are set forth in the Dec. 19 Order, 2014 WL 7239537 at *3,
*8-9; Doc. 108 at 6-7, 21-24, all of which is adopted here by
reference.

Plaintiff still has not adduced summary judgment evidence that would support a finding that she was engaged in protected activity before her employment was terminated.  Much less is there summary judgment evidence in support of the essential element of a retaliation claim that defendants had knowledge that plaintiff was engaged in protected activity.  The things plaintiff reported to Judith Kutler in the June 18, 2012 memorandum were directly related to, and consistent with, the performance by plaintiff of her duties of employment.  Even if that were not so, the things plaintiff told Ms. Kutler in that memorandum did not constitute a disclosure that plaintiff was engaged in activity protected by § 3730(h)(1) as that section has been interpreted and applied by the Fifth Circuit.

The court has concluded it should grant summary judgment for defendants as to plaintiff's Count III claim.

III.

Order

For the reasons stated above,

The court ORDERS that the sua sponte motion for summary judgment be, and is hereby, granted; and

21

The court further ORDERS that all claims and causes of action alleged by plaintiff against defendants be, and are hereby, dismissed.

SIGNED February 12, 2015.

JOHN McBRYDE
United States District Judge